IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-679-FL

| | |
|---|---|
| AIRON SCOTT BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN M. FITZGERALD, Director | ) ORDER |
| NCDHHS, individually and in his official | ) |
| capacity, THEODORE IRA BENNETT, | ) |
| a/k/a Ted Bennett, individually and in his | ) |
| official capacity as adoptive guardian, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon motion to dismiss, or alternatively, to stay this action (DE 33), filed by defendant Kevin M. Fitzgerald ("Fitzgerald"); motion for extension of time (DE 35), filed by plaintiff; motion to stay (DE 39), filed by defendant Theodore Ira Bennett ("Theodore Bennett"); and defendants' interim joint report and plan (DE 43), pursuant to Federal Rule of Civil Procedure 26(f). For the following reasons, the parties' motions are granted, and this action is stayed, as set forth in more detail herein.

### BACKGROUND

Plaintiff, who is a pro se prisoner at an Oregon state correctional institution, commenced this action December 15, 2020, by filing a motion to proceed in forma pauperis, with a proposed complaint, asserting claims for constitutional violations and state law torts, arising from the sexual abuse plaintiff allegedly suffered while in foster care in the late 1990s and early 2000s. Plaintiff alleges that his complaint is timely under North Carolina Session Law 2019-245, § 4.2(b) ("S.L.

2019-245"), which revives for a two-year period civil actions for child sexual abuse that are otherwise time-barred. See N.C. Sess. Law 2019-245, § 4.2(b). Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

On February 24, 2021, Magistrate Judge Robert B. Jones, Jr. granted plaintiff's initial motion, and on frivolity review, allowed plaintiff's claims to proceed. Defendant Theodore Bennett answered the complaint on May 6, 2021, and the following day, the court entered its initial order on planning and scheduling. Defendant Fitzgerald appeared in this action on May 21, 2021, and filed the instant motion to dismiss or to stay this action, seeking dismissal for insufficient service of process, or alternatively, to stay this action pending decision by North Carolina courts as to the constitutionality of S.L. 2019-245. In support of stay, defendant Fitzgerald relies upon unpublished orders in cases Jennings v. Preslar, No. 5:20-CV-201-FL, 2021 WL 149008 (E.D.N.C. Jan. 15, 2021) and Foushee v. RT Vanderbilt Holding Company, Inc. et al, No. 5:17-CV-71-M, 2020 WL 917250 (E.D.N.C. Feb. 25, 2020).

That same day, plaintiff filed the instant motion for an extension of time, seeking to extend deadline for filing amended complaint, as well as deadlines for defendants to answer or otherwise respond to his original complaint. On May 26, 2021, defendant Theodore Bennett filed the instant motion to stay, joining in defendant Fitzgerald's alternative request to stay this matter pending decision by North Carolina state courts as to the constitutionality of S.L. 2019-245. Plaintiff responded in opposition to that part of defendant Fitzgerald's motion seeking to dismiss this action on June 2, 2021, relying upon 1) a delivery signature card; 2) a copy of the docket sheet in the instant matter; 3) certificates of service; 4) a portion of the court's May 7, 2021, initial scheduling order; 5) plaintiff's correspondence with the clerk of court; and 6) affidavit of plaintiff.

On June 5, 2021, defendants filed the instant interim Rule 26(f) report, indicating that the parties held a pretrial conference by telephone on May 24, 2021, and June 3, 2021, during which plaintiff consented to defendants' request to stay this matter, as long as the deadline to file amended complaint was stayed as well.

**COURT'S DISCUSSION**

A.  Motions to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). "The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013) (quoting United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977)).

Where all parties consent to a stay, and where there are two challenges to the constitutionality of S.L. 2019-245 pending in North Carolina courts (hereinafter "state court litigation"), (see Mem. (DE 34) at 4), the court finds good cause to stay this action. Defendant Theodore Bennett's motion to stay and defendant Fitzgerald alternative motion to stay are granted.

B.  Motion for Extension of Time

Plaintiff moves for an extension of time to file amended complaint and to receive responses to his original complaint from defendants. As an initial matter, the latter part of plaintiff's motion is now moot, where defendants have already answered or responded to plaintiff's complaint. (See Answer (DE 25); Mot. to Dismiss (DE 33)). Turning to the remaining relief sought, plaintiff's motion for extension of time to amend complaint is timely, where the deadline for plaintiff to

3

amend his complaint as of right had not yet expired when he filed the instant motion. See Fed. R. Civ. 15(a)(1). Moreover, where the court stays this action, it finds good cause to extend deadline for amending complaint until after the stay is lifted. Accordingly, plaintiff's motion for extension of time is granted.

## CONCLUSION

Based on the foregoing, the court GRANTS plaintiff's motion for extension of time (DE 35), defendant Theodore Bennett's motion to stay (DE 39), and the alternative relief sought in defendant Fitzgerald's motion to dismiss or in the alternative to stay (DE 33).

This matter is STAYED, pending decision by North Carolina courts as to the constitutionality of S.L. 2019-245. The court DIRECTS defendants to file jointly a report indicating the status of the state court litigation, every **180 days**, or upon or upon conclusion of the state court litigation, whichever is sooner.[1]

Plaintiff may file an amended complaint, if any, not later than **21 days** after the stay is lifted.

SO ORDERED, this the 10th day of June, 2021.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Where plaintiff is currently incarcerated, he is relieved from status report obligation.