IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-679-FL

| | |
|---|---|
| AIRON SCOTT BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN M. FITZGERALD, Director | ) ORDER |
| NCDHHS, individually and in his official | ) |
| capacity, THEODORE IRA BENNETT, | ) |
| a/k/a Ted Bennett, individually and in his | ) |
| official capacity as adoptive guardian, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon plaintiff's "motion to deny defendants' motion to stay" (DE 45), "second motion to appoint counsel" (DE 46), "motion objection to stay enacted on June 11, 2021" (DE 51), and "motion for reconsideration plaintiff's objection to the denial of appointment of counsel" (DE 52), which the court construes collectively as motions for reconsideration of the court's May 7, 2021, order denying plaintiff's motion to appoint counsel and the court's June 10, 2021, order, staying proceedings. Defendants did not respond to plaintiff's motions, and the time to do so has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motions are denied.

## BACKGROUND

Plaintiff, a pro se prisoner at an Oregon state correctional institution, asserts claims arising from the sexual abuse he allegedly suffered while in foster care in the late 1990s and early 2000s. Plaintiff alleges that his complaint is timely under North Carolina Session Law 2019-245, § 4.2(b)

("S.L. 2019-245"), which revives for a two-year period civil actions for child sexual abuse that are otherwise time-barred. See N.C. Sess. Law 2019-245, § 4.2(b). On May 7, 2021, the court denied plaintiff's motion to appoint counsel and entered its initial order on planning and scheduling.

On June 10, 2021, the court granted motions to stay, filed by defendants Kevin M. Fitzgerald and Theodore Ira Bennett, with consent of plaintiff, staying this action pending decision by North Carolina state courts as to the constitutionality of S.L. 2019-245. The court also extended the deadline for plaintiff to amend complaint, allowing him to file an amended complaint not later than 21 days after the stay is lifted.

On June 18 and June 25, 2021, plaintiff filed the instant motions for reconsideration, relying upon a memorandum of law, plaintiff's affidavits, plaintiff's letter seeking representation, a proposed amended complaint, and plaintiff's letters to the Matthews Police Department and North Carolina Child Protective Services.

**COURT'S DISCUSSION**

A.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Compared to post-judgment Rule 59(e) motions, Rule 54(b) gives district courts "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). The discretion provided by Rule 54(b), however, "is not limitless." Id. The court may revise an interlocutory order only in the following circumstances: (1) a subsequent trial

produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Id.; see also Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003).

B.  Analysis

Plaintiff moves for reconsideration of the court's May 7, 2021, order denying plaintiff's motion to appoint counsel, and the court's June 10, 2021, order, staying proceedings. Considering the standards set forth in Rule 54(b), plaintiff fails to demonstrate a basis for reconsideration of either order.

With respect to appointment of counsel, plaintiff has failed to show that this case is one in which exceptional circumstances merit appointment of counsel, and he has demonstrated through his filings that he is capable of proceeding pro se. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) (explaining there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases").

With respect to a stay, after reviewing plaintiff's additional filings, and his arguments asserted therein, the court finds that the relevant factors weigh in favor of a stay. First, a stay promotes the interests of judicial economy, since there are two challenges to the constitutionality of S.L. 2019-245 pending in North Carolina courts (hereinafter "state court litigation"). (See Mem. (DE 34) at 4). Moreover, the parties could expend unnecessary resources if this action continued during the pendency of state court litigation. If this court's ruling on the constitutionality of S.L. 2019-245 differed from the ultimate decision by the North Carolina Supreme Court, plaintiff could have his claims dismissed by this court through a final judgment only to later see an opinion of the North Carolina Supreme Court rendering that dismissal a misapplication of state law. Alternatively, if this court found S.L. 2019-245 to be constitutional, the parties could expend

3

unnecessary time and expense conducting discovery and litigating a matter ultimately rendered moot if North Carolina Supreme Court decides the law is unconstitutional.

Plaintiff argues that he will suffer prejudice if the North Carolina Supreme Court finds S.L. 2019-245 to be unconstitutional because he will lose the opportunity to assert his claims. However, this risk of prejudice is equally present for defendants—if the North Carolina Supreme Court finds S.L. 2019-245 to be constitutional, defendants will lose the opportunity to assert an unconstitutionality defense. After balancing the relevant factors, the court finds that a stay is warranted.

In sum, the court denies plaintiff's motions for reconsideration.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motions (DE 45, 46, 51, 52).

SO ORDERED, this the 26th day of July, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge