IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-679-FL

| | |
|---|---|
| AIRON SCOTT BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KEVIN M. FITZGERALD, Director ) | ORDER |
| NCDHHS, individually and in his official ) | |
| capacity, THEODORE IRA BENNETT, ) | |
| a/k/a Ted Bennett, individually and in his ) | |
| official capacity as adoptive guardian, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion for sanctions. (DE 57). On June 10, 2021, the court stayed this case pending decision by North Carolina courts as to the constitutionality of S.L. 2019-245 and directed defendants to file jointly a report indicating the status of state court litigation every 180 days. Pursuant to that order defendants' first report was due December 7, 2021. At approximately 10:40 a.m. on December 8, 2021, no report having been filed, the court directed defendants to immediately file the report or, in the alternative, to file the appropriate motion showing good cause for failure to comply with the court's directive and need for extension. At approximately 11:55 a.m. that same day defendants filed their joint status report. (DE 56).

Plaintiff now moves for the court to impose monetary and nonmonetary sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (DE 57). Rule 11(b) governs party representations to the court, and Rule 11(c)(1) provides that the court "may impose an appropriate

sanction on any attorney, law firm, or party" that violates Rule 11(b). Here, plaintiff has not alleged that defendants made improper or false representations to the court, but rather cites to defendants' delayed filing of a status report. Plaintiff thus fails to demonstrate sanctions pursuant to Rule 11 are proper.

In addition, and in the alternative, while the court is sensitive to plaintiff's limited ability to receive information on the status of state court litigation, a sanction for defendants' singular delay of one day in filing their joint report, quickly remedied upon notice by the court, would exceed "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 12(c)(4). That is particularly true where defendants cite to "an administrative oversight [that] caused the due date for the Joint Status Report to be calendared on the wrong date" as the source of their delay. (DE 58).

Based on the foregoing, plaintiff's motion for sanctions (DE 57) is DENIED.

SO ORDERED, this the 17th day of February, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge