IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-679-FL

| | |
|---|---|
| AIRON SCOTT BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN M. FITZGERALD, Director | ) ORDER |
| NCDHHS, individually and in his official | ) |
| capacity, THEODORE IRA BENNETT, | ) |
| a/k/a Ted Bennett, individually and in his | ) |
| official capacity as adoptive guardian, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon plaintiff's motion for reconsideration of the court's June 10, 2021, order, staying proceedings, to file an amended complaint, and to transfer the case to Wake County Superior Court. (DE 63). Plaintiff additionally moves to strike portions of defendant Theodore Ira Bennett's ("Bennett") answer to the complaint. (DE 61). Also before the court is defendant Bennett's motion to strike plaintiff's reply to defendant Bennett's answer. (DE 73). In this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motions are denied, and defendant Bennett's motion is granted.

**BACKGROUND**

Plaintiff, a pro se prisoner at an Oregon state correctional institution, asserts claims arising from the sexual abuse he allegedly suffered while in foster care in the late 1990s and early 2000s. Plaintiff alleges that his complaint is timely under North Carolina Session Law 2019-245, § 4.2(b) ("S.L. 2019-245"), which revives for a two-year period civil actions for child sexual abuse that are

otherwise time-barred.  See N.C. Sess. Law 2019-245, § 4.2(b).  On May 7, 2021, the court denied plaintiff's motion to appoint counsel and entered its initial order on planning and scheduling.

On June 10, 2021, the court granted motions to stay, filed by defendant Kevin M. Fitzgerald ("Fitzgerald"), director of North Carolina Department of Health and Human Services, and defendant Bennett, adoptive guardian to plaintiff, with consent of plaintiff.  Pursuant to that order, this action was stayed pending decision by North Carolina state courts as to the constitutionality of S.L. 2019-245.  The court also extended the deadline for plaintiff to amend his complaint, allowing him to file an amended complaint not later than 21 days after the stay is lifted.

On June 18 and June 25, 2021, plaintiff filed motions for reconsideration of the court's May 7, 2021, order denying plaintiff's motion to appoint counsel and the court's June 10, 2021, order, staying proceedings, which the court denied on July 26, 2021.

Plaintiff thereafter filed the instant renewed motion to reconsider the court's June 10, 2021, order, staying proceedings together with a motion to file an amended complaint and to transfer the case to Wake County Superior Court.  Plaintiff relies upon a memorandum of law, plaintiff's affidavit, statements from plaintiff's department of corrections trust account, and letters appearing to be from defendant Bennett to plaintiff.  Defendants separately responded in opposition.

Plaintiff additionally moves to strike portions of defendant Bennett's answer alleging criminal conduct by plaintiff, contending they are immaterial and prejudicial.  Contemporaneous with his motion to strike, plaintiff filed a "reply" to defendant Bennett's answer, which defendant Bennett now moves to strike as violative of the court's stay.  Plaintiff did not respond to defendant Bennett's motion, and the time to do so has expired.

## COURT'S DISCUSSION

A.  Standard of Review

Plaintiff again moves for reconsideration of the court's June 10, 2021, order, staying proceedings.

Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Compared to post-judgment Rule 59(e) motions, Rule 54(b) gives district courts "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). The discretion provided by Rule 54(b), however, "is not limitless." Id. The court may revise an interlocutory order only in the following circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Id.; see also Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003).

B.  Analysis

Plaintiff contends that pending decisions upon which the stay in part was based have since been dismissed or are otherwise distinguishable. Assuming plaintiff's contentions to be true, defendants' most recent status report includes mention of two other challenges to the constitutionality of S.L. 2019-245 that are still pending in North Carolina courts, Taylor v. Piney Grove Fire and Rescue Dept., Inc., et al., Case No. 20 CVS 13487 (Wake County 3JP), and McKinney, et al. v. Gary Scott Goins, et al., Case No. 21 CVS 7438 (Wake County 3JP). (See Status Report (DE 60)). Plaintiff does not address these additional cases, and where they remain pending, a stay still promotes the interests of judicial economy and protects against unnecessary

expenditure of party resources for the reasons given in the court's June 10, 2021, order. The court accordingly denies plaintiff's motion for reconsideration, and the court's June 10, 2021, order, staying proceedings remains in effect.

With a stay in effect, the court denies plaintiff's motion to amend the complaint, without prejudice for renewal after the stay is lifted, in accordance with the extended deadline announced in this court's June 10, 2021, order. To permit such amendment would defeat one purpose of the stay as it would invite, if not necessitate, expenditure of resources in response. On that same basis, the court also denies plaintiff's motion to strike portions of defendant Bennett's answer to the complaint, filed June 21, 2022, as violative of the stay that was already in place.

The court also denies plaintiff's motion to transfer the case to Wake County Superior Court for resolution by a three-judge panel as it also is not properly before this court while a stay remains in place. In addition, and in the alternative, plaintiff's motion is made pursuant to North Carolina Rule of Civil Procedure 42(b)(4), which by its terms is presently inapplicable:

> Pursuant to G.S. 1-267.1, any facial challenge to the validity of an act of the General Assembly, other than a challenge to plans apportioning or redistricting State legislative or congressional districts, shall be heard by a three-judge panel in the Superior Court of Wake County if a claimant raises such a challenge in the claimant's complaint or amended complaint in any court in this State . . . . In that event, the court shall, on its own motion, transfer that portion of the action challenging the validity of the act of the General Assembly to the Superior Court of Wake County for resolution by a three-judge panel if, <u>after all other matters in the action have been resolved,</u> a determination as to the facial validity of an act of the General Assembly <u>must be made in order to completely resolve any matters in the case</u>.

N.C. R. Civ. P. 42(b)(4) (emphasis added). Under Rule 42(b)(4), plaintiff's claims apart from any facial challenge must first be "resolved." <u>Id.</u> At which point, a determination must be made as to whether "the facial validity of an act of the General Assembly must be made in order to completely resolve any matters in the case." <u>Id.</u> If it does not, then no transfer need occur under Rule 42.

4

Here, where claims apart from the facial challenge to S.L. 2019-245 remain unresolved, including plaintiff's claims for violation of state law for sexual assault and of his Eighth Amendment right to be free from cruel and unusual punishment, plaintiff's motion to transfer pursuant to Rule 42(b)(4) is premature.

Finally, the court grants defendant Bennett's motion to strike plaintiff's reply to Bennett's answer, not only because it violates the court's stay, but, more significantly, because it contravenes the Federal Rules of Civil Procedure, which permit a response to answers only when the court orders one. See Fed. R. Civ. P. 7(a)(7).

## CONCLUSION

Based on the foregoing, plaintiff's motions are DENIED, (DE 61, 63), and defendant Bennett's motion to strike is GRANTED, (DE 73). Plaintiff's "reply" to defendant Bennett's answer, (DE 62), is STRICKEN in its entirety as violative of Federal Rule of Civil Procedure 7(a)(7). The court's June 10, 2021, order, staying proceedings remains in effect.

SO ORDERED, this the 20th day of October, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge